U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 3 2015

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DEBRA REICHARDT | CIVIL ACTION NO. 14-2578 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| EMERSON ELECTRIC CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment, filed by Defendants Katy Thomas ("Thomas") and State Farm Mutual Automobile Insurance Company ("State Farm"), in a case stemming from a car accident. [Record Document 22]. In their motion, Thomas and State Farm assert that the Plaintiff's personal injury suit against them lacks merit because the allegations and evidence fail to indicate fault on the part of Thomas. The Plaintiff, Debra Reichardt ("Reichardt"), has not opposed the motion for summary judgment. For the reasons discussed below, Thomas's and State Farm's motion for summary judgment shall be **GRANTED**.

### I. Factual and Procedural Background

This case results from the collision of three vehicles at or near the intersection of Lake Street and Spring Street in downtown Shreveport, Louisiana on October 7, 2013. Record Document 1, p. 3. The facts of the accident are in dispute. After being stopped at a red traffic light, Thomas has testified that she began driving east on Lake Street through its intersection with Spring Street. Record Document 22-5, p. 3. At the same

time, after being stopped at the opposing red light, Reichardt has testified that she was traveling west on Lake Street through the Spring Street intersection. Record Document 22-3, p. 3. Reichardt's husband, Donald Reichardt, was a passenger in the vehicle. At the time the Thomas and Reichardt vehicles were traveling on Lake Street through the Spring Street intersection, Defendant Delon Wade ("Wade"), who was operating a truck owned by Defendant Emerson Electric Company ("Emerson Electric"), was traveling north through the intersection of Lake and Spring Streets. It is the Court's understanding that Wade asserts that he proceeded through the intersection with a green light.

Ultimately, two separate impacts occurred between these three vehicles; both impacts involved Wade's vehicle. The first collision involved the Wade and Thomas vehicles. According to the Reichardts' testimony, Wade's vehicle collided first with the Thomas vehicle. Record Documents 22-3, p. 3 & 22-4, p. 4. Then, there was a second collision which involved the Wade and Reichardt vehicles. Id. Wade, however, has testified that his vehicle collided with only one vehicle, the Reichardts'. Record Document 22-6, pp. 3-6. It is undisputed that the Thomas and Reichardt vehicles never collided with each other. Statement of Material Facts, Record Document 22-1. Rather, they were each involved in separate collisions with the Wade vehicle.

Reichardt filed suit in federal court against Wade; Emerson Electric, Wade's employer and the owner of the truck he was driving on the date of the accident; Old Republic Insurance Company, Emerson Electric's insurer; Thomas; and State Farm, Thomas's insurer. Record Document 1. Thomas and State Farm filed the instant motion

for summary judgment, contending that based on the undisputed facts, Reichardt cannot prove that Thomas's alleged negligence was the cause-in-fact of Reichardt's damages. No party has filed any pleading responsive to the instant motion for summary judgment.

## II.  Motion for Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To determine whether there exists any genuine factual dispute, parties are empowered to submit to a court materials within the record for support, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(a).[1]

The plain text of Rule 56 requires that, after an appropriate time for discovery, a motion for summary judgment should be entered against an opposing party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. If the movant fails to satisfy their burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, such a motion must be denied, regardless of the response by the nonmovant. See Little v. Liquid Air Corp., 37

---

[1] As Rule 56 explains, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

F.3d 1069, 1075 (5th Cir. 1994). Conversely, if the movant satisfies this initial burden, the nonmovant must demonstrate that there is, in fact, a genuine factual issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Id. (citing Celotex Corp., 477 U.S. at 323-25). "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)). The failure of the party bearing the initial burden at trial to demonstrate there is a genuine factual dispute to an essential element of their case renders any remaining facts immaterial. See Celotex Corp., 477 U.S. at 322-23.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

When considering a motion for summary judgment, courts are to construe all facts and make inferences in the light most favorable to the nonmoving party. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 454 (5th Cir. 2005) (citing Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005)). However, both the United States Supreme Court and the Fifth

Circuit Court of Appeals maintain satisfying this burden on the part of the nonmoving party requires the presentation of supporting evidence. As the Fifth Circuit explained in Little:

> This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. <u>We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts</u>.

Little, 37 F.3d at 1075 (citations omitted) (emphasis in original). While a court is not to weigh the evidence or evaluate witness credibility, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in their favor. Id.; Boudreaux, 402 F.3d at 540.

Significantly, the instant motion for summary judgment is unopposed. However, summary judgment cannot be granted simply because there is no opposition to its entry. Rather, the Court may only grant summary judgment "if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(3). Because Reichardt failed to file an opposition and statement of contested material facts, Thomas's and State Farm's statement of uncontested material facts is deemed admitted for purposes of the instant motion.

### III. Law and Analysis

This personal injury dispute arises under Louisiana law. Under Louisiana's duty-risk analysis, a plaintiff asserting a negligence claim must establish:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to

> conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).

Boykin v. Louisiana Transit Co., 96-1932 (La. 3/4/98); 707 So. 2d 1225, 1230. All of the elements must be satisfied in order to impose liability. See Richard v. Swiber, 98-1515 (La. App. 1 Cir. 9/24/99); 760 So. 2d 355, 359. The Court must first consider the cause-in-fact element of the test. See id. "Cause-in-fact usually is a 'but for' inquiry which tests whether the accident would or would not have happened but for the defendant's substandard conduct." Id. "When there are concurrent causes of an accident which nevertheless would have occurred in the absence of one of the causes, the proper inquiry is whether the conduct under consideration was a substantial factor in bringing about the accident." Id. at n.10. Thus, in the present case, the appropriate inquiry is whether Thomas's actions were a substantial factor in bringing about the Wade-Reichardt accident. Reichardt has admitted that her vehicle never collided with the Thomas vehicle. Reichardt has failed to present any other factual allegation that would suggest that Thomas's manner of driving was a substantial factor in causing the accident between Reichardt and Wade. The deposition testimony of all four witnesses reveals no indication of Thomas's responsibility for the accident between Reichardt and Wade. There is no allegation or even a mere suggestion that Wade's collision with the Thomas vehicle was a substantial factor in causing the accident between Wade and Reichardt. In short, there is nothing to suggest Thomas's breach of a duty caused Reichardt's accident or her concomitant damages.

Reichardt has not identified any facts which would support a finding of Thomas's liability for the Wade-Reichardt accident. Thus, even in a light most favorable to the Plaintiff, the evidence supports the finding that there is no genuine dispute of material fact as to whether Thomas was the "cause-in-fact" of the Wade-Reichardt collision.

## IV.   Conclusion

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment filed by Thomas and State Farm [Record Document 22] be and is hereby **GRANTED**, and the Plaintiff's claims against Thomas and State Farm are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on the 21st day of September, 2015.

ELIZABETH E. FOOTE
United States District Judge